```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 08-23440-CIV-ALTONAGA
                              MAGISTRATE JUDGE P.A. WHITE
```

HUGH CHRISTOPHER HODGE,           :

    Plaintiff,                    :

v.                                :            REPORT OF
                                                 MAGISTRATE JUDGE
WALTER MCNEIL, ET AL.,            :

    Defendants.                   :
_____

      This Cause is before the Court upon the plaintiff's Motion to Prevent Further Coercion and Retaliation from Defendants. [DE# 31].

      The plaintiff raises allegations of retaliation against Dr. Balmir, Dr. Ortega, a therapist and possibly others. Although the title of the motion suggests that the plaintiff seeks an order prohibiting future coercion and retaliation, in the body of the motion the plaintiff seeks (1) to have the exhibits attached to the motion become part of the second amended complaint and (2) an order for an evaluation from an outside orthopedic surgeon and oncologist.

      It is recommended that the plaintiff's request that the exhibits become part of the second amended complaint be granted.

      It is further recommended that the motion for an order directing the defendants to send the plaintiff to outside physicians be denied. This type of relief the plaintiff is an extraordinary remedy. See California v. American Stores Company, et al., 492 U.S. 1301 (1989). The standard for issuing a preliminary injunction, which is the same as is required for a temporary restraining order, is to be based upon consideration of four factors. The standard for issuing a preliminary injunction,

is as follows: The party seeking relief must demonstrate: 1) a substantial likelihood that he will prevail on the merits, 2) a substantial threat that he will suffer irreparable injury if the injunction is not granted, 3) that the threatened injury to him outweighs the potential harm the injunction may do to the defendant, and 4) that the public interest will not be impaired if the injunction is granted.  <u>Alabama v. U.S. Army Corps of Engineers</u>, 424 F.3d 1117, 1128 (11 Cir. 2005) (citations omitted), <u>cert. denied</u>, 126 S.Ct. 2862 (2006).  A preliminary injunction should not be granted unless the movant clearly establishes the burden of persuasion as to all four prerequisites. <u>See</u> <u>McDonald's Corp. v. Robertson</u>, 147 F.3d 1301, 1306 (11 Cir. 1998).

The Undersigned finds that the plaintiff does not state a <u>prima facie</u> case for the requested preliminary injunctive relief. The plaintiff has not adequately shown any indication of <u>immediate</u>, <u>irreparable</u> harm.  The plaintiff has been suffering with pain and injuries since 2001 but unfortunately the motion falls short of raising facts that tend to show he is entitled to immediate relief. The pleadings in this case indicate that the plaintiff has recently received surgery and has received pain medication and physical therapy.  Although the instant motion raises allegations of interference with prescribed medication and therapy, the plaintiff does not raise facts to meet his burden of persuasion that would support this court's use of an extraordinary remedy which would necessarily interfere with the administration of medical care for state inmates.  The plaintiff's allegations do not indicate that there is a substantial threat that he will suffer irreparable injury if the preliminary injunction is not granted; that there is any threatened injury to the plaintiff such that any such injury outweighs the potential harm the injunction may do to the

2

defendants; nor that the public interest will not be impaired if the injunction is granted.

Further, to the extent the plaintiff seeks an order preventing future coercion or retaliation, if this Court were to grant such requested relief, it would be impossible to administer because the plaintiff is seeking a restraining order against alleged future conduct.  He is asking this Court to prevent persons from doing acts that are entirely speculative in nature, without any basis whatsoever for the speculation.  If the plaintiff desires to pursue a civil action against corrections officials based on allegations of retaliation for exercising his constitutional rights, he may do so by filing a civil action against those individuals who have allegedly violated his rights.

For the reasons specified in the foregoing, it is recommended that the Motion to Prevent Further Coercion and Retaliation from Defendants [DE# 31] be granted in part and denied in part, as follows:

1.  The Motion [DE# 31] be granted insofar as the plaintiff seeks the inclusion of the attached exhibits as part of the second amended complaint.

2.  The Motion [DE# 31] be denied insofar as the plaintiff seeks an order for outside medical care or a general order prohibiting future conduct.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

It is so recommended at Miami, Florida, this 24th day of April, 2009.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Hugh Christopher Hodge, <u>Pro Se</u>
    DC No. 429564
    Everglades Correctional Institution
    P. O. Box 949000
    Miami, FL 33194-9000

    Kathleen M. Savor, Esq.
    Assistant Attorney General
    OFFICE OF THE ATTORNEY GENERAL
    110 S.E. 6th Street, 10th Floor
    Fort Lauderdale, FL 33301