08-23440.o5

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 08-23440-CIV-ALTONAGA-BROWN

HUGH CHRISTOPHER HODGE,

    Plaintiff,

vs.

WALTER MCNEIL, et al.,

    Defendant(s).

_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

**This matter** is before the Court on Plaintiff's Motion for Summary Judgment as to Defendant Dr. Carl Balmir (D.E. 216). The Court has considered the Motion, the Response, the Reply, and all pertinent materials in the file.

## FACTS

On December 12, 2008, Plaintiff, Hugh Christopher Hodge, filed an initial Complaint against Defendant, Dr. Balmir, and several Co-Defendants (D.E. 1). Subsequently, Plaintiff filed a Second Amended Complaint, under 42 U.S.C. § 1983 and the Americans with Disabilities Act ("ADA"), which alleged Plaintiff's Eighth Amendment Constitutional Rights were violated (D.E. 16). Specifically, Plaintiff alleged Defendant "failed to carry out [his] constitutional duties to provide medical care and treatment for serious medical needs" (D.E. 16). Plaintiff requested monetary and injunctive relief (D.E. 16).

On March 25, 2011, Plaintiff filed the pending Motion, Plaintiff's Statement of Facts and Motion for Summary Judgment as to Defendant, Dr. Carl Balmir (D.E. 216). The Motion alleges

that Defendant acted with deliberate indifference to Plaintiff's medical needs and Plaintiff is entitled to Summary Judgment pursuant to Fed. R. Civ. P. 56(c) (D.E. 216).

## DISCUSSION

### I. Standard on Summary Judgment

The purpose of summary judgment is "to pierce the pleadings and assess the proof in order to see whether there is a genuine need for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56 advisory committee's note). Summary judgment is proper only when no genuine dispute as to any material fact exists and the moving party is entitled to a judgment as a matter of law. H&R Block Eastern Enterprises, Inc. v. Morris, 606 F.3d 1285, 1290 (11th Cir. 2010); Fed.R.Civ.P. 56.[1]

The moving party bears the initial burden of explaining to the Court the basis for the motion and identifying those portions of the record that demonstrate that there is no genuine dispute of material fact. Allen v. Board of Public Educ. for Bibb County, 495 F.3d 1306, 1313 (11th Cir. 2007). Thus the movant must either show that the nonmoving party has no evidence to support its case, or present "affirmative evidence demonstrating that the nonmoving party will be unable to prove its case at trial." United States v. Four Parcels of Real Prop., 941 F.2d 1428, 1438 (11th Cir. 1991); Hickson Corp. v. Northern Crossarm Co., Inc., 357 F.3d 1256, 1260 (11th Cir. 2004). However, the Court must view all of the evidence in the light most favorable to the nonmoving party, with all reasonable inferences also being drawn in the nonmovant's favor. Info. Sys.& Networks Corp. v. City of Atlanta, 281 F.3d 1220, 1224 (11th Cir. 2002); Siemens Power Transmission & Distribution, Inc. v. Norfolk Southern Railway Co., 420 F.3d 1243, 1248 (11th Cir. 2005). If the movant is able to demonstrate either of the aforementioned requirements, the

---

[1] An issue of fact is material if it "might affect the outcome of the suit under the governing law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

burden shifts to the nonmoving party to show that a genuine dispute remains for trial. Dietz v. Smithkline Beecham Corp., 598 F.3d 812, 815 (11th Cir. 2010).

A genuine dispute as to material fact exists only when "a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986); Allen, 495 F.3d at 1313; Hickson Corp., 357 F.3d at 1260. Where a reasonable fact finder may "draw more than one inference from the facts, and if that inference introduces a genuine issue of material fact, then the court should not grant the summary judgment motion." Doe v. School Bd. of Broward County, Fla., 604 F.3d 1248, 1254 (11th Cir. 2010) (quoting Samples ex rel. Samples v. City of Atlanta, 846 F.2d 1328, 1330 (11th Cir. 1988)). However, if the facts and inferences overwhelmingly favor one side, such that a reasonable jury could only arrive at one verdict, then summary judgment must be granted as a matter of law. Williams v. Dresser Indus., Inc., 120 F.3d 1163, 1167 (11th Cir. 1997); Bishop v. City of Birmingham Police Dept., 361 F.3d 607, 609 (11th Cir. 2004). For the non-movant to survive such a grant, there must be more than a mere scintilla of evidence. Williams, 120 F.3d at 1167.

**II. Standard for Medical Indifference**

The Eighth Amendment imposes duties on prison officials to "ensure that inmates receive adequate food, clothing, shelter, and medical care . . . ." Farmer v. Brennan, 511 U.S. 825, 832 (1994). Even though the Constitution does not mandate comfortable prisons, it does not permit inhumane ones. Id. The government has an obligation to provide medical care for incarcerated people because if they fail to do so, their medical needs will not be met. Estelle v. Gamble, 429 U.S. 97, 103 (1976). However, the Eighth Amendment does not apply to every governmental action which has an affect on prisoners' interest and well being. Whitley v. Albers, 475 U.S. 312, 319 (1986).

To violate the Eighth Amendment, the conduct must amount to "punishment," not merely

"cruel and unusual 'conditions.'" Farmer, 511 U.S. at 837. This means that "the punitive purpose of the sentence itself does not convert every attribute of the place of incarceration into a punishment subject to Eight Amendment scrutiny." Campbell v. Sikes, 169 F.3d 1353, 1363 (11th Cir. 1999). When the alleged conduct "does not purport to be punishment at all [it] must involve more than ordinary lack of due care for the prisoner's interests or safety." Whitley, 475 U.S. at 319.

To prove an Eighth Amendment claim for damages brought under 42 U.S.C. § 1983, a prisoner must satisfy an objective and subjective component. Taylor v. Adams, 221 F.3d 1254, 1257 (11th Cir. 2000). The prisoner must: (1) satisfy the objective component by showing he had a "sufficiently serious" medical need; (2) satisfy the subjective component by showing the prison official acted with deliberate indifference toward the serious medical need; and (3) show that the injury was caused by defendant's wrongful conduct. Goebert v. Lee County, 510 F.3d 1312, 1326 (11th Cir. 2007). Thus, § 1983 focuses on whether the prison official's acts or omissions were the cause, not merely a contributing factor, of the constitutional deprivation. LaMarca v. Turner, 995 F.2d 1526, 1535 (11th Cir. 1993).

In the Eleventh Circuit, a serious medical need "is considered 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003)(quoting Hill v. Dekalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1187 (11th Cir. 1994)). It is one that if left unattended, will result in "a substantial risk of serious harm." Taylor, 221 F.3d at 1258.

Deliberate indifference toward "serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain,' proscribed by the Eighth Amendment." Estelle, 429 U.S. at 104. To rise to a level of deliberate indifference, a prison official must both know of and

disregard an excessive risk to inmate health or safety. Farmer, 511 at 837. This requires the official to be "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id.

To establish deliberate indifference by a prison official, the prisoner must prove three facts: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than gross negligence. Townsend v. Jefferson County, 601 F.3d 1152, 1158 (11th Cir. 2010); Brown v. Johnson, 387 F.3d 1344, 1351 (11th Cir. 2004)(citing McElligott, 182 F.3d at 1255). Under the three subjective criteria, "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment." Estelle, 429 U.S. at 106. Negligent treatment may be adequate to state a medical malpractice claim under tort law, but it "does not become a constitutional violation merely because the victim is a prisoner." Id. The prisoner "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. It is only such indifference that can offend 'evolving standards of decency' in violation of the Eighth Amendment." Id.

As applied to medical treatment, care that is "'so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness' constitutes deliberate indifference." Adams v. Poag, 61 F.3d 1537, 1544 (11th Cir. 1986)(quoting Rogers v. Evans, 792 F.2d 1052, 1058 (11th Cir. 1986)). However, "the official may escape liability for known risks 'if [he] responded reasonably to the risk, even if the harm ultimately was not averted.'" Chandler v. Crosby, 379 F. 3d 1278, 1290 (11th Cir. 2004)(quoting Farmer, 511 U.S. at 844). Nonetheless, when a prisoner has received medical care but feels the treatment was inadequate, federal courts are reluctant to second-guess medical judgment and potentially constitutionalize tort law claims. Hamm v. DeKalb County, 744 F.2d 1567, 1575 (11th Cir.

1985). Although a prisoner may have desired a different form of treatment than provided, the desire for a different form of treatment does not rise to a level of deliberate indifference. Id. Additionally, when there is a delay in treatment, evaluating whether it was tolerable "depends on the nature of the medical need and the reason for the delay." Farrow, 320 F.3d at 1247 (quoting Harris v. Coweta County, 21 F.3d 388, 393-94 (11th Cir. 1994)).

## DISCUSSION

Applying the high standard for "deliberate indifference" to the facts of this case, the court finds that the Plaintiff is not entitled to summary judgment. Viewing the evidence in a light most favorable to Defendant, there are numerous issues that preclude the entry of summary judgment.

First, Plaintiff's allegations lack adequate citation. In paragraph 1 of Plaintiff's Reply, it states that the Defendant's Response indicates that he did not order Hydrocodon for the Plaintiff because of his long history of drug addiction, but instead prescribed Tylenol (citing paragraph 17 of D.E. 238). Cross-referencing the citation, it does not state this fact. Further, in the next sentence, Plaintiff writes, "[h]owever, this is not accurate. Dr. Balmir prescribed Tylenol III to the Plaintiff." This assertion also is lacking any record citation. Regardless of the lack of citations, a claim that a medical provider prescribed one pain killer over another is not adequate to rise to a level of deliberate indifference.

Further, Plaintiff asserts on page 8 of the Motion that "Defendant only notes in his deposition that he was unaware of pain management recommendations because the Plaintiff had just recently returned to ECI. However, at the time of Dr. Balmir's deposition, the Plaintiff had been back at ECI for a month." Beside the fact that there are no record citations to any of these factual claims, can this Court rule in a motion for summary judgment, where reasonable inferences are resolved against the moving party, that recent does not mean one month?

Next, the Plaintiff's assertions reflect Plaintiff's counsel's "professional medical

judgment" and a non-evidence printout from the PDR. (D.E. 244 ¶ 1). While this type of argument might receive some consideration as a basis for the denial of summary judgment, it falls short of meeting the standard to grant summary judgment. Under Eleventh Circuit precedent, differences of opinion regarding the type of treatment administered by prison officials do not allow a finding of deliberate indifference. See Hamm, 744 F.2d at1575.

Plaintiff's greatest problem is evidenced in paragraph 6 of the Reply, which states, "Defendant does not dispute Plaintiff's medical conditions. **It is Plaintiff's contention** that these medical conditions resulted in and amount to serious needs" (emphasis added). The Court is not weighing the facts or the credibility of the witnesses/persons on a motion for summary judgment. The Court would, of necessity, have to do exactly that to agree with "Plaintiff's contention."

Finally, Plaintiff fails to show there is no genuine issue of material fact as to the subjective intent of the Defendant. Page 8 of Plaintiff's Motion refers to standards in establishing a "condition of confinement" case. (D.E. 216). The three elements referenced refer to a case against a prison official for failure to provide protection, not denial of medical care. The Eleventh Circuit has clearly established that "[w]hat is necessary to show sufficient harm and what is necessary to show a sufficiently culpable state of mind varies with the type of Eighth Amendment Claim at issue." Thomas v. Bryant, 614 F.3d 1288, 1304 (11th Cir. 2010). While an Eighth Amendment claim for failure to provide protection to a prisoner is similar, it does not contain the three previously cited elements to establish deliberate indifference to a serious medical need. See Brown, 387 F.3d at 1351. As a result, Plaintiff's Motion does not establish that Defendant's conduct amounts to more than gross negligence.

In paragraph 5 on page 10 of the Motion, Plaintiff references the denial of sick call. Plaintiff states that "Balmir would make us believe that he did this out of the kindness of his heart and he was being benevolent; how it played out in real life was quite different." This

statement is the antithesis of any claim of subjective intent on behalf of Defendant. Plaintiff is acknowledging that Defendant subjectively thought he was acting in a manner to help Plaintiff, but the circumstances played out differently. The Supreme Court made it perfectly clear that an "accident, although it may produce added anguish, is not on that basis alone to be characterized as wanton infliction of unnecessary pain." Estelle, 429 U.S. at 105. Further "deliberate indifference describes a state of mind more blameworthy than negligence." Farmer, 511 U.S. at 835. Plaintiff has not established any state of mind for Defendant, but instead has only referenced his attempts to help Plaintiff, even though the efforts ultimately resulted in added pain.

Plaintiff's Reply uses the medical indifference standard, but continues to assert claims that do not rise to a level of deliberate indifference. (D.E. 244). By doing so, Plaintiff is asking the court to make a determination of a medical judgment, which the Eleventh Circuit has held is "an inappropriate basis for imposing liability under section 1983." Adams, 61 F.3d at 1547.

Therefore, and the Court being otherwise fully advised in the premises, it is hereby **ORDERED AND ADJUDGED** that the Motion for Summary Judgment is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida this 22nd day of June, 2011.

STEPHEN T. BROWN
CHIEF UNITED STATES MAGISTRATE JUDGE

cc:   Counsel of record