08-23440.oh

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division
Case Number: 08-23440-CIV-BROWN
Consent Case

HUGH CHRISTOPHER HODGE,

    Plaintiff,

vs.

WALTER MCNEIL, et al.,

    Defendant(s).
_____/

## ORDER DENYING DEFENDANT'S MOTION FOR COSTS, ATTORNEY'S FEES, AND EXPERT FEES

**THIS MATTER** is before the Court on Dr. Carl Balmir's Motion for Costs, Attorneys Fees, and Expert Fees filed October 3, 2011 (D.E. 285). The Court has reviewed the Motion, Response, and Reply and is otherwise fully advised.

### FACTS

The Defendant, as the prevailing party,[1] seeks to recover costs totaling $97,841.79. Invoices were attached for costs incurred for a retained expert ($15,575.00), attorney fees ($74,468.50), and costs ($8,259.40).

### DISCUSSION

**I. Attorney Fees, Expert Fees, and Non-Taxable Costs**

Defendant moves for attorney fees, expert fees, and non-taxable costs pursuant to 42 U.S.C.

---

[1] On August 3, 2011, this Court granted Defendant's Motion for Summary Judgment (D.E. 275) and entered Final Judgment (D.E. 276).

1

§ 1988 and this Court has discretion to award those fees if it finds that the Plaintiff's case was "frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." Christianburg Garment Co. v. Equal Employment Opportunity Comm'n, 434 U.S. 412, 421 (1978). While the Defendant prevailed on summary judgment, that alone is not determinative of the frivolity of the suit. See, e.g., Head v. Medford, 62 F.3d 351, 356 (11th Cir. 1995); O'Neal v. DeKalb County, Georgia, 850 F.2d 653 (11th Cir. 1988). Additionally, the defendant may only recover fees and costs from a plaintiff in a civil rights case "in exceptional circumstances." Christianburg, 434 U.S. at 422.

"In determining whether a suit is frivolous, 'a district court must focus on the question whether the case is so lacking in arguable merit as to be groundless or without foundation rather than whether the claim was ultimately successful.'" Sullivan v. Sch. Bd. Of Pinellas County, 773 F.2d 1182, 1189 (11th Cir. 1985) (quoting Jones v. Texas Tech Univ., 656 F.2d 1137, 1145 (5th Cir. 1981)). The Court should consider the following: "(1) whether the plaintiff established a prima facie case; (2) whether the defendant offered to settle; and (3) whether the trial court dismissed the case prior to trial or held a full-blown trial on the merits." Id. at 1188. When reviewing these standards, it is noted that: (1) Plaintiff had established a prima facie case (See D.E. 10 and 30) (2) there was an offer to settle; and (3) the case was resolved by summary judgment prior to trial. However, "[d]eterminations regarding frivolity are to be made on a case-by-case basis." Id. The district court must "resist the understandable temptation to engage in post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." Christianburg, 434 U.S. at 421.

In support of his motion, Defendant argues that Plaintiff's claim was frivolous as evidenced by the granting of the Motions for Summary Judgment. However, that is not the case, and that is not

2

what the Court found in its Order. Rather, on Plaintiff's Eighth Amendment claim, the Court found that Plaintiff had presented some evidence of an objectively serious medical need through medical records and Plaintiff's own deposition, but that it had not been diagnosed by a physician. Additionally, the Court found that the alleged conduct by Defendant did not indicate the requisite subjective intent requirement for deliberate indifference in a "cruel and unusual punishment" claim. However, the Court did not go so far as to say that there was no evidence of a claim. In fact, the Court accepted the Plaintiff's expert witness testimony as true, but found that his general "concerns and criticisms" as to the Plaintiff's care did not amount to deliberate indifference. Finally, the Court found that there were delays and denials of medical treatment, but that the Defendant was not associated with these delays. While factually insufficient evidence was presented, the Court declines to find that the Eighth Amendment claim was frivolous, unreasonable, or without foundation. Therefore, Defendant is not entitled to an award of attorneys fees, expert fees, or non-taxable costs.

## II. Taxable Costs

Defendant also seeks to recover costs associated with defending the suit. Plaintiff responds to this motion asserting that Defendant failed to follow Local Rule 7.3(c). This rule outlines that "a bill of costs... shall be filed and served within thirty (30) days of entry of final judgment or other appealable order that gives rise to a right to tax costs." In their reply, Defendants concede to that failure, but assert that "Plaintiff [was] not prejudiced in Defendant's Motion." (D.E. 301). However, this is plainly insufficient for the Court's purposes. Royal Surplus Lines Ins. Co. v. Coachmen Industries, Inc., 229 F.R.D. 695, 698 (M.D. Fla. 2005).

Additionally, even if Local Rule 7.3 permitted claims for costs to bypass the Clerk, Defendants have not provided any evidence to show that these costs were necessarily incurred in this

3

case. In merely providing an itemized list of costs, Defendants failed to comply with 28 U.S.C. § 1924 which states that "before any bill of costs is taxed, the party claiming any item of cost or disbursement shall attach thereto an affidavit... that such item is correct and has been necessarily incurred in the case and that the services for which fees have been charged were actually and necessarily performed." Therefore, the Defendant is not entitled to these costs.

For the foregoing reasons, it is hereby **ORDERED** and **ADJUDGED** that the Defendant's Motion for Fees and Costs is hereby **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 24 day of February, 2012.

STEPHEN T. BROWN
CHIEF UNITED STATES MAGISTRATE JUDGE

cc: Counsel of record