08-23440.oi

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division
Case Number: 08-23440-CIV-BROWN
<u>Consent Case</u>

HUGH CHRISTOPHER HODGE,

    Plaintiff,

vs.

WALTER MCNEIL, et al.,

    Defendant(s).
_____/

## ORDER DENYING DEFENDANTS' MOTION FOR FEES AND COSTS

**THIS MATTER** is before the Court on Florida Department of Corrections' (DOC) and

Walter A. McNeil's Motion for Fees and Costs, filed on September 27, 2011 (D.E. 284).  The Court

has reviewed the Motion, Response, and Reply and is otherwise fully advised.

## FACTS

The Defendants, as the prevailing parties,[1] seek to recover attorney's fees and costs totaling

$66,017.47.  Defendants attached invoices of attorney fees ($61,560.45) and costs ($4,457.02).

## DISCUSSION

### I.   Attorney's Fees

Defendants move for attorney's fees pursuant to 42 U.S.C. § 12205, and this Court has

discretion to award those fees if it finds that the Plaintiff's case was "frivolous, unreasonable, or

_____

[1]On August 3, 2011, this Court granted Defendants' Motion for Summary Judgment (D.E.
275) and entered Final Judgment (D.E. 276).

1

without foundation, even though not brought in subjective bad faith." <u>Christianburg Garment Co. v.</u>

<u>Equal Employment Opportunity Comm'n</u>, 434 U.S. 412, 421 (1978). While the Defendants prevailed

on summary judgment, that alone is not determinative of the frivolity of the suit. <u>See</u>, <u>e.g.</u>, <u>Head v.</u>

<u>Medford</u>, 62 F.3d 351, 356 (11th Cir. 1995); <u>O'Neal v. DeKalb County, Georgia</u>, 850 F.2d 653 (11th

Cir. 1988). Additionally, defendants may only recovery fees and costs from a plaintiff in a civil rights

case "in exceptional circumstances." <u>Christianburg</u>, 434 U.S. at 422.

"In determining whether a suit is frivolous, 'a district court must focus on the question

whether the case is so lacking in arguable merit as to be groundless or without foundation rather than

whether the claim was ultimately successful.'" <u>Sullivan v. Sch. Bd. of Pinellas County</u>, 773 F.2d

1182, 1189 (11th Cir. 1985) (quoting <u>Jones v. Texas Tech Univ.</u>, 656 F.2d 1137, 1145 (5th Cir.

1981)). The Court should consider the following: "(1) whether the plaintiff established a prima facie

case; (2) whether the defendant offered to settle; and (3) whether the trial court dismissed the case

prior to trial or held a full-blown trial on the merits." <u>Id.</u> at 1188.  When reviewing these standards,

it is noted that: (1) Plaintiff had established a prima facie case (<u>see</u> D.E. 30) (2) there was not an offer

to settle; and (3) the case was resolved by summary judgment prior to trial.  However,

"[d]eterminations regarding frivolity are to be made on a case-by-case basis." <u>Id.</u>  The district court

must "resist the understandable temptation to engage in post hoc reasoning by concluding that,

because a plaintiff did not ultimately prevail, his action must have been unreasonable or without

foundation." <u>Christianburg</u>, 434 U.S. at 421.

In support of their motion, Defendants argue that Plaintiff's claim was frivolous as evidenced

by the granting of their Motion for Summary Judgment.  However, that is not the case, and that is not

what the Court found in its Order.  The Court did not go so far as to say that there was no evidence

of a claim against the Defendants.  As to the Plaintiff's ADA claims, the Court found that he had failed to show how he was a "qualified individual with a disability."  In attempting to prove he qualified under the ADA, Plaintiff relied on his own deposition as evidence of his disability. Although the Court found that such evidence was not independently corroborated by medical experts, it was evidence nonetheless.  Instead, the Court found that the Plaintiff was physically impaired due to past accidents and surgeries.  Additionally, the Plaintiff presented some evidence that he was limited in major life activities for the purposes of his claim, but that these limitations were only temporary.  While factually insufficient evidence was presented, the Court declines to find that the ADA claim was frivolous, unreasonable, or without foundation.  Therefore, Defendants are not entitled to an award of attorney's fees and non-taxable costs.

## II.   Taxable Costs

Defendants also seek to recover taxable costs associated with defending the suit pursuant to Fed. R. Civ. P. 54 and 28 U.S.C. § 1920.  Plaintiff responds asserting that Defendants failed to follow Local Rule 7.3(c).  This rule outlines that "a bill of costs... shall be filed and served within thirty (30) days of entry of final judgment or other appealable order that gives rise to a right to tax costs."  In their reply, Defendants concede to that failure, but assert that "Plaintiff was in possession of all information required to evaluate Defendant's Motion for Costs within the 30 day time-frame." (D.E. 298).  However, this is plainly insufficient for the Court's purposes.  Royal Surplus Lines Ins. Co. v. Coachmen Industries, Inc., 229 F.R.D. 695, 698 (M.D. Fla. 2005).[2]

Additionally, even if Local Rule 7.3 permitted claims for costs to bypass the Clerk,

---

[2]As of December 1, 2011, revised Local Rule 7.3(c) emphasizes the necessity of filing a separate bill of costs and that it "must be submitted on form (or in form substantially similar to) AO 133 of the Administrative Office of the United States Courts."

Defendants have not provided any evidence to show that these costs were necessarily incurred in this case.  In merely providing an itemized list of costs, Defendants failed to comply with 28 U.S.C. § 1924 which states that "before any bill of costs is taxed, the party claiming any item of cost or disbursement shall attach thereto an affidavit... that such item is correct and has been necessarily incurred in the case and that the services for which fees have been charged were actually and necessarily performed." Therefore, the Defendants are not entitled to these costs.

For the foregoing reasons, it is hereby **ORDERED** and **ADJUDGED** that the Defendants' Motion for Fees and Costs is hereby **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 24th day of February, 2012.

STEPHEN T. BROWN
CHIEF UNITED STATES MAGISTRATE JUDGE

cc:     Counsel of record

4